IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



NATHANIEL LITTLE,

PLAINTIFF,

v.                                              CIVIL CASE NO. 2:10CV35

COMMISSIONER OF SOCIAL SECURITY,

DEFENDANT.

## ORDER

This matter comes before the Court on Plaintiff Nathaniel Little's ("Plaintiff" or "Little") Objection to the Report and Recommendation of the Magistrate Judge. Doc. 19. For the reasons explained below, the Court **OVERRULES** Little's objection and **ADOPTS** the Magistrate Judge's Report & Recommendation ("Doc. 18" or "R&R").

## I. BACKGROUND[1]

Little does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, inter alia, the following facts. Little filed an application for disability insurance benefits with the Social Security Administration ("SSA") on February 4, 2006. R&R at 1. The application alleged that Little suffered from a disability beginning on July 7, 2004. Id. Little was last employed as a correctional officer in 2004, but did not return to work after he suffered a fall at the correctional facility. Id. at 2. Little experienced

---

[1] This background does not reflect the complete procedural and factual history as to Plaintiff, but only those proceedings and facts relevant to the present objection. The Court accepts as fact the procedural history and factual background set forth by the Magistrate Judge in his Report and Recommendation, insofar as they are not objected to by Plaintiff.

1

severe back pain and received epidural steroid injections, as well as physical therapy. Id. Little eventually underwent surgery. Id. at 3. Following surgery, Dr. Joseph Koen indicated that Little was doing well in recovery, although his progress was slow. Id. One year after surgery, Little complained that his legs tended to buckle and that he fell down stairs due to his knees buckling. Id. Little submitted to a functional capacity evaluation in January 2006, and the results showed that he was capable of performing light to medium levels of exertion. Id. at 4. A couple of months later in March 2006, Little fell down another set of stairs and tore his Achilles tendon. Id. Little was placed in a cast and given crutches, but did "remarkably well," according to Dr. Paul D. Warren. Id. In April 2006, Little stated that he could walk and feed pets, clean one hour every day, wash laundry for three hours once a week, mow the grass for three to four hours at a time, attend church, go to sports games, and coach his son's sports teams two days a week. Id. at 6.

Little was referred to Dr. Parimal Soni in November 2006 for a consultative examination. Id. at 4. Among other things, Dr. Soni noted that Little's gait was unsteady and that he required the assistance of a cane. Id. Also in November 2006, Dr. Neil Novin reviewed Little's records and opined that Little had the residual functional capacity ("RFC") to perform light work. Id. Notably, Dr. Novin remarked that there were discrepancies between Little's claims and the observations of Dr. Soni. Dr. Novin particularly stated that these discrepancies "leave[] much to be desired" and caused him to question Little's credibility. Id. at 5. Moreover, Dr. Novin noted that Dr. Soni's report was incomplete because it contained numerous omissions and corrections. Id.

Dr. Warren ordered an MRI of Little's left knee in 2007, which showed a large medial meniscus tear. Id. Dr. Warren referred Little to Dr. Sheldon Cohn for further evaluation. Id.

2

Dr. Cohn opined that "[w]ith regard to his knee, I would restrict him from crawling, squatting, climbing or lifting over 40 pounds." Id. Little underwent another RFC assessment in April 2007. Id. Dr. Leopold Moreno, his evaluator, determined that Little could occasionally lift and/or carry twenty pounds, and frequently lift and/or carry ten pounds; stand and/or walk for a total of at least two hours in an eight-hour workday; sit a total of six hours in an eight-hour workday; occasionally climb, balance, stoop, kneel, crouch, and crawl." Id. at 5–6. Dr. Moreno found Little's statements regarding his symptoms and their effects on his functioning only partially credible. Id. at 6.

Little's application for disability benefits was initially denied, and on October 1, 2007, following reconsideration, an Administrative Law Judge (ALJ) held a hearing on Little's application. Id. At the hearing, Little testified that he was no longer able to assist with household chores or coach his son's sports teams. Id. He testified that he could walk fifteen to twenty-five feet at a time, stand no more than thirty minutes at a time, sit for fifteen minutes at a time, and required assistance to bathe and dress. Id. Robin Edwards was called to testify as the vocational expert ("VE"), and the ALJ asked him the following hypothetical:

> [L]et's assume this is a younger individual with a high school education and past work as you've described. We will assume this individual could lift, carry, push or pull 10 pounds frequently and 20 pounds occasionally; that there would be no use of foot or leg controls; that they could stand and/or walk a total of two hours in an eight-hour day; sit up to eight hours in an eight-hour day; and that there would be occasional stooping, kneeling, crouching, balancing and no climbing or crawling . . . Would there be light jobs such an individual could perform, and if so could you give us some examples?

3

R. 37. Edwards testified that jobs were available in the national economy suitable for Little, such as working as an information clerk, cashier, or an office clerk. Id. at 6–7. Edwards categorized these jobs as light work.[2] Id. at 7.

A decision and order denying Little's request for disability benefits was issued by the ALJ on November 30, 2007. Id. at 2. Little sought to appeal the ALJ's decision, but his request for review was denied on November 20, 2009, and the ALJ's decision became final on that date. Id. Little then turned to the federal court system. He filed a Complaint against the Commissioner of Social Security ("Commissioner" or "Defendant") on January 15, 2010. Doc. 1. The Commissioner filed an Answer on August 26, 2009. Doc. 6. After the Court referred this matter to a Magistrate Judge on March 23, 2010, Doc. 9, both parties filed motions for summary judgment, Docs. 12 and 14. On October 22, 2010, the Magistrate Judge issued the R&R, which concluded that Little is capable of performing gainful work activity, and accordingly recommends that summary judgment be issued in favor of the Commissioner. R&R at 19. Little filed his Objection to the Report and Recommendation of the Magistrate Judge on November 4, 2010. Doc. 18. The Commissioner filed a response to the objection on November 16, 2010. Doc. 20.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. FED. R. CIV. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

---

[2] Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

4

In exercising de novo review, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation mark omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence, but more than a mere scintilla of evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. (quoting Craig, 76 F.3d at 589) (internal quotation mark omitted) (final alteration in original). Thus, if the Court finds that there was substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the ALJ's factual findings must be upheld.

## III. ANALYSIS

In evaluating whether a claimant is entitled to disability benefits, the ALJ must follow the five-step sequential evaluation of disability set forth in the Social Security regulations. The Magistrate Judge summarized these five steps, which involve determining whether Little:

> (1) is engaged in a substantial gainful activity; (2) has a severe impairment, (3) has an impairment that equals a condition contained within the Social Security Administration's official listing of impairments, (4) has an impairment that prevents past relevant work, and (5) has an impairment that prevents him from any substantial gainful employment.

5

R&R at 6; see 20 C.F.R. § 416.920. If the claimant is not engaged in substantial gainful activity and is found to have one or more severe impairments that are not listed within the SSA's official listing of impairments, the ALJ must determine the claimant's RFC, which is defined as the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. Little's sole objection is focused on the ALJ's determination of his RFC, and the Magistrate Judge's conclusion that the determination was supported by substantial evidence. See Doc. 19 at 1 ("[The Magistrate Judge] incorrectly determined that the ALJ took into account all of Mr. Little's limitations in determining his RFC."). More specifically, Little argues that the Magistrate Judge erred in concluding that the ALJ's decision was supported by substantial evidence because the ALJ failed to include Little's use of a walking cane in the hypothetical posed to Edwards, the VE.[3] See id. at 7 ("Without incorporating this limitation [use of a cane] in the RFC, the ALJ's hypothetical did not properly apprise the VE of the true extent of Mr. Little's abilities and limitations as required by the Fourth Circuit.").

Little's reliance on a walking cane is premised on Dr. Soni's medical observations that Little required a cane for ambulation and balance. Dr. Soni stated that Little has a "severe impairment" in his left knee and, without the assistance of a cane, can "hardly walk a few steps without some imbalance." Id. at 12. Dr. Soni's observations certainly support Little's present objection, and an ALJ must evaluate every medical opinion contained in the record. But, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citing Craig, 76 F.3d at 590). Here, Dr. Soni's observations are not

---

[3] Because Little only objects to the Magistrate's finding that the ALJ did not err in failing to include Little's use of a cane in the hypothetical posed to the VE, the Court will restrict its analysis to Little's objection. In light of the Magistrate's comprehensive review of Little's case, all other factual and legal determinations made by the Magistrate will be adopted by the Court.

supported by the other evidence in the record. The ALJ reviewed the opinions of Little's treating physicians, as well as the opinions of his non-examining consultants. His evaluation specifically included Dr. Soni's observations, R. 14, but it also included opinions and assessments by Dr. Koen, Dr. Cohn, Dr. Moreno, and Dr. Novin, id. at 14–17. Besides Dr. Soni, no other physician indicated that Little requires the use of an ambulatory device, such as a cane. In fact, no physician ever prescribed the permanent use of an ambulatory device for Little. Moreover, Dr. Novin's opinion explicitly calls into question Dr. Soni's observations about Little's physical abilities. Dr. Novin stated that Dr. Soni's report was non-specific, contained misinformation, and was incomplete. R. 242. Nevertheless, the ALJ did take Little's walking and standing limitations into account when he made the following determination:

> The claimant's left knee impairment limits his ability to stand/walk. The undersigned notes that there is no apparent medical reason why the claimant is unable to sit for prolonged periods. The claimant is able to use both hands and upper extremities to perform the light lifting and other job tasks associated with sedentary or light work as he has normal upper extremity strength and functioning. He is able to stand and walk effectively for at least limited periods.

R. 17.

It is within the sound discretion of the ALJ to parse a medical opinion, crediting some aspects while discrediting others. And when a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent a plaintiff's RFC based on all evidence in the record. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). At bottom, Dr. Soni's observations are inconsistent with the other medical evidence in the record and was given appropriate weight when the ALJ determined Little's RFC and questioned the VE. See 20 C.F.R. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); Johnson v. Barnhart, 434 F.3d 650, 659

(4th Cir. 2005) (finding that substantial evidence supported the ALJ's decision that the plaintiff was not disabled where the hypothetical included all limitations that were supported by the record as a whole). Accordingly, the Court **FINDS** that the ALJ's RFC determination and subsequent denial of benefits are supported by substantial evidence.

## IV. CONCLUSION

For the reasons discussed above, the Court concludes that the ALJ considered all of the relevant evidence, and that the ALJ did not fail to take into account all of Little's limitations when determining his RFC or posing the hypothetical to the VE. The Court **OVERRULES** Little's objection, and **ADOPTS**, in its entirety, the Magistrate Judge's Report and Recommendation. The Court **AFFIRMS** the Recommendation of the Magistrate Judge and **GRANTS** summary judgment to the Commissioner.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
Date: December 30, 2010